IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | ) CIV. NO. 17-00312 DKW-KSC |
| Plaintiff, | ) ORDER DENYING IN FORMA |
| | ) PAUPERIS APPLICATION AND |
| vs. | ) DISMISSING ACTION PURSUANT |
| | ) TO 28 U.S.C. § 1915(g) |
| NOLAN UEHARA, *et al.*, | ) |
| Defendants. | ) |
| _____ | ) |

Before the court is pro se Plaintiff Peter R. Tia's prisoner civil rights complaint and Application to Proceed In Forma Pauperis ("IFP"). Tia claims that Defendants[1] violated his constitutional rights by allegedly issuing him a false misconduct report, denying him due process during disciplinary proceedings, and subjecting him to cruel and unusual punishment by transferring him to the High Security Needs Facility for sixty days. He broadly alleges this constitutes kidnapping under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. *See* Compl., ECF No. 1. Tia's IFP Application is DENIED, and this action is DISMISSED without prejudice.

---

[1]Tia names Halawa Correctional Facility ("HCF") officials Nolan Uehara, Jan Molina, Lt. Vaovasa, Sgt. D. Paleka, Grievance Respondent Doe, and Warden Scott O. Harrington, City and County of Honolulu Mayor Doe, Hawaii Department of Public Safety Director Nolan Espinda, the unnamed Hawaii Attorney General, and CCA Inc. as Defendants.

## I. 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed" as frivolous, malicious, or for failure to state a claim, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "[D]istrict court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

The imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053. Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past

2

abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

## II. ANALYSIS

Tia has accrued three "strikes" under § 1915(g),[2] has been notified of these strikes, and may not proceed without concurrent payment of the civil filing fee unless he plausibly alleges that he was in imminent danger of serious physical injury when he filed suit.

Tia alleges that he was found guilty of a disciplinary infraction on or about May 23, 2017. Tia was transferred to the High Security Needs Facility for sixty days, where he is subject to "punitive isolation" for twenty-three hours per day with no television. These facts do not support a finding that Tia is in imminent danger of serious physical injury, and he may not proceed IFP in this action.

## III. CONCLUSION

Tia's Application to Proceed In Forma Pauperis is DENIED, and this action is DISMISSED without prejudice. Tia may refile these claims in a new action with concurrent payment of the civil filing fee. Any pending motions are terminated.

---

[2]*See Tia v. Fujita*, 1:08-cv-00575 HG/BMK (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim); *Tia v. Criminal Investigation Demanded*, 1:10-cv-00383 SOM/BMK (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and *Tia v. Criminal Investigation*, 1:10-cv-00441 DAE/BMK (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim). *See* PACER Case Locator http://pacer.psc.uscourts.gov.

The Clerk of Court is DIRECTED to close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: July 6, 2017 at Honolulu, Hawai'i.



  /s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Peter R. Tia v. Nolan Uehara, et al.*; Civil No. 17-00312 DKW KSC; **ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

*Tia v. Uehara, et al.,* 1:17-cv-00312 DKW-KSC; 3 Stks 2017/Tia 17-312 dkw (no im. dgr conspiracy disc. hrg, murder, mail, griev)